IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN SHACKELFORD,<br><br>                  Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY CORRECTIONAL CENTER, OFFICER NELSON, OFFICER WILSON, OFFICER MCDOOGLE, FLOOR SGT. 6/22/23, and SGT J BALLARD,<br><br>                  Defendants. | **8:23CV335**<br><br>**MEMORANDUM AND ORDER** |

This matter is before correspondence filed by Plaintiff on August 16, 2023, which the Court construes as a motion for status. Filing No. 10. Plaintiff expresses concern about missing any court dates due to his present confinement in the Douglas County Correctional Center ("DCCC") and whether he will be required to arrange for his own transportation to his court date; if so, Plaintiff indicates he "will withdraw [his] lawsuit until [he] is released and be certain [he] won't miss court dates." *Id*. Plaintiff need not worry about missing any court dates as no court dates have been set nor will any dates be set until after Plaintiff pays his initial partial filing fee and the Court reviews his complaint as explained below.

Plaintiff is advised that the Court received and filed his Complaint, Filing No. 1, on August 2, 2023, followed by a supplemental complaint, Filing No. 3, on August 3, 2023, and an Amended Complaint, Filing No. 8, on August 11, 2023. Plaintiff has also filed two Motions for Leave to Proceed in Forma Pauperis, Filing No. 2; Filing No. 9, which are pending, and the Court will rule on those motions after it receives a copy of Plaintiff's trust account information from his institution. The Court sent a letter to the

DCCC on August 3, 2023, requesting a trust account statement and it usually takes a few weeks for DCCC to respond to the Court's request. Once the Court receives Plaintiff's trust account information, the Court will calculate Plaintiff's initial partial filing fee payment as required by the Prison Litigation Reform Act.

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).[1] Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint.

Plaintiff will have to pay the initial partial filing fee assessed by the Court before this matter may proceed. Once payment is received, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

In sum, Plaintiff should not be concerned about whether he can transport himself to any court dates as no court dates have been set. The next step in this case is for the Court to rule on Plaintiff's Motions for Leave to Proceed in Forma Pauperis, which the Court will once it receives Plaintiff's trust account statement from the DCCC.

---

[1] Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See *In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

3

IT IS THEREFORE ORDERED that: Plaintiff's letter, Filing No. 10, construed as a motion for status, is granted in accordance with this Memorandum and Order.

Dated this 17th day of August, 2023.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge