IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN SHACKELFORD,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>DOUGLAS COUNTY CORRECTIONAL CENTER, OFFICER NELSON, OFFICER WILSON, OFFICER MCDOOGLE, FLOOR SGT. 6/22/23, and SGT J BALLARD,<br><br>　　　　　　　Defendants. | 8:23CV335<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the Court on correspondence from Plaintiff Kevin Shackelford, which the Court construes as a motion to reopen his case ("Motion to Reopen"). Filing No. 25. Also before the Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 26. For the reasons that follow, the Court will deny Plaintiff's Motion to Reopen and deny the IFP Motion as moot.

　　　　Plaintiff filed his Complaint, Filing No. 1, on August 2, 2023, while he was incarcerated, and the Court granted him leave to proceed IFP and directed him to pay an initial partial filing fee of $0.11 as required by the Prison Litigation Reform Act ("PLRA"), Filing No. 13. Plaintiff timely paid his initial partial filing fee on September 25, 2023. *See* Docket Sheet. Shortly thereafter, on October 16, 2023, Plaintiff filed a notice of change of address indicating he was no longer incarcerated. Filing No. 21. The Court directed Plaintiff to either file a new request to proceed IFP or pay the Court's filing and administrative fees within 30 days or face dismissal of this action. Filing No. 22. Plaintiff failed to respond to the Court's order or take any action in this case by the deadline, and the Court entered judgment on December 27, 2023, dismissing this

matter without prejudice because Plaintiff failed to prosecute it diligently and failed to comply with this Court's orders. Filing No. 23; Filing No. 24. Nearly one and a half years later, Plaintiff filed the present Motion to Reopen on June 11, 2025, stating that, when he was released from custody, he "was not working and didn't know what steps to take," but he wants to continue his lawsuit, though he does not "have a job yet to pay for fees." Filing No. 25 at 1. Plaintiff asks the Court to "examine [his] case and reopen it so [he] can go through the process of justice." *Id*. at 2.

When Plaintiff was released from custody, the Court instructed him to either pay the filing fees or file a new motion to proceed IFP (i.e., without paying the filing fees) and sent Plaintiff the appropriate form to file a new IFP motion. Plaintiff, however, did not take any action in this case until almost a year and a half after his case was dismissed, and he offers no explanation as to why he waited so long. Accordingly, the Court finds that Plaintiff has failed to show good cause or any exceptional circumstances that would warrant reopening this case. *See* Fed. R. Civ. P. 60(b); *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (Rule 60 "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." (quotation omitted)).

Because the Court dismissed this case without prejudice, Plaintiff may file a new civil action using the standard civil complaint form included with this Memorandum and Order if he wishes to pursue his claims against any of the defendants. Accordingly,

IT IS ORDERED that:

1. Plaintiff's Motion to Reopen, Filing No. 25, is denied.

2. Plaintiff's Motion to Proceed IFP, Filing No. 26, is denied as moot.

3. The Clerk of the Court is directed to send to Plaintiff a "Pro Se 14 Complaint for Violation of Civil Rights (Prisoner)" form and application to proceed without prepayment of fees.

Dated this 2nd day of December, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge